IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BEN E. KEITH COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:24-cv-00188-D |
| | ) |
| JEREMY K. THOMPSON, and | ) |
| CHENEY BROS., INC., | ) |
| | ) |
| Defendants. | ) |

**CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER**

This matter is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of an order, with consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business and/or personal information that may be sought during discovery or disclosed in this case. In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the parties, and in the interests of justice, it is hereby ORDERED by the Court that:

1. This Consent Confidentiality and Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**DEFINITIONS**

2. The term "Confidential Information," as used in this Consent Confidentiality and Protective Order, shall mean (a) information not in the public domain that is so proprietary or competitively sensitive that its public disclosure is likely to cause competitive injury; (b) information that constitutes or contains trade secrets pursuant to applicable law; (c) the non-public, personal information of third parties, including information that identifies the personal or financial information for a given person, including name, address, account number, telephone number, place or position of work, or other identifying information; (d) information protected from disclosure by contractual obligations with third-parties; and (e) information protected from disclosure by law.

3. The term "Highly Confidential Information" as used in this Consent Confidentiality and Protective Order shall mean Confidential Information that is so proprietary or competitively sensitive that its disclosure to the opposing party is likely to cause competitive injury.

4. The term "document" or "documents," as used in this Consent Confidentiality and Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

**Confidential Information and Highly Confidential Information**

5. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" or "Highly Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains information protected

under the terms of this Consent Confidentiality and Protective Order. The designation shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "**CONFIDENTIAL**" or, as appropriate, "**HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**."

6. Depositions may be designated "Confidential" or "Highly Confidential – Attorney Eyes Only" either by: (a) stating that fact on the record at the deposition, or (b) stating that fact in writing served upon counsel of record within twenty (20) days after receipt of the deposition transcript. If a Designating Party has advised the Court reporter that Confidential Information or High Confidential Information has been disclosed during a deposition, the Court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS CONFIDENTIAL INFORMATION — SUBJECT TO A PROTECTIVE ORDER**" or **"DEPOSITION CONTAINS HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY EYES ONLY INFORMATION – SUBJECT TO A PROTECTIVE ORDER."** Within twenty (20) business days of receipt of the initial deposition transcript, the Designating Party shall advise opposing counsel of the specific pages and lines in which Confidential Information or Highly Confidential Information appears. Counsel for the opposing party may have immediate access to the deposition transcript but, prior to the page and line designations, shall treat the entire transcript as Confidential or Highly Confidential, if so designated at the deposition.

7. Confidential Information used in this litigation may be disclosed only to:

a. The Court and its personnel;

b. Outside counsel of record and in-house counsel in this litigation (including staff persons or outside vendors employed by such counsel);

c. Employees of any party in this litigation;

d. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance;

e. A deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of deposition, may not retain any designated material, and must be informed of the confidential nature of the materials;

f. A court reporter and/or videographer; and

g. Any mediator and/or arbitrator selected with the consent of all parties or by the Court.

8. Highly Confidential Information used in this litigation may be disclosed only to:

a. The Court and its personnel;

b. Outside counsel of record and in-house counsel in this litigation (including staff persons or outside vendors employed by such counsel);

c. Employees of the Producing Party;

d. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but

only to the extent reasonably necessary to enable such Expert to render such assistance;

e. A court reporter and/or videographer; and

f. Any mediator and/or arbitrator selected with the consent of all parties or by the Court.

9. If a party wishes to disclose Confidential Information to any person not described in Paragraph No. 7 above or Highly Confidential to any person not described in Paragraph No. 8 above, permission to so disclose must be requested from the Designating Party in writing. The Designating Party shall respond to the request within fifteen (15) business days. A failure to object shall be deemed a waiver by the Designating Party, and the party wishing to make the proposed disclosure may do so without violating this Order. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

10. Prior to obtaining access to Confidential Information or Highly Information, any person to whom Confidential Information or Highly Confidential Information may be disclosed pursuant to Paragraph Nos. 7 and 8 above, except the Court and its personnel, outside counsel of record and in-house counsel in this litigation, any court reporter and/or videographer, and any mediator or arbitrator selected with the consent of all parties or by the Court, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the party obtaining a person's signature on the

Confidentiality Acknowledgment shall retain the original signed Confidentiality Acknowledgments and, upon request, shall make them available to counsel of record for the other party, provided that the identities of such consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

## **General Provisions**

11. Except to the extent expressly authorized in this Consent Confidentiality and Protective Order, Confidential Information and Highly Confidential Information shall not be used or disclosed for any purpose other than the preparation, hearing, and trial of this case, and/or any appeal therefrom, and for no other purpose, including, without limitation, any business, competitive, or educational purpose.

12. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information or Confidential Attorney Eyes Only Information shall be subject to the terms of this Confidentiality and Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

13. Any party may object to a designation of materials as "Confidential" or "Highly Confidential" at any time by notifying the Designating Party in writing of that objection. That writing must specify the bates range corresponding to the beginning and end of each document subject to objection as well as the bates number of the particular page or pages of such documents that actually contain the designated material to which the objection is made. The parties shall, within seven (7) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the

Designating Party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be re-designated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Consent Confidentiality and Protective Order, the Designating Party shall, at its expense, provide to each party additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

14. Inadvertent failure to designate or inadvertent mis-designation of any information pursuant to this Consent Confidentiality and Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the destruction or return to the Designating Party of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies. Upon receipt of any such claim for inadvertent failure to designate or inadvertent mis-designation, the party receiving the claim shall be bound by the re-designations pursuant to the terms of this Consent Confidentiality and Protective Order, absent application to the Court for de-classification of such documents pursuant to Paragraph No. 13 and an Order declassifying the same, but the party shall not be deemed to be in breach of this Consent Confidentiality and Protective Order by reason

of any use or disclosure of such Confidential Information or Highly Confidential Information that occurred before its receipt of the Designating Party's claim of inadvertent failure to designate or inadvertent mis-designation.

15. In the case of inadvertently produced or misdesignated documents, including but not limited to privileged and/or work product documents which shall be governed by Fed. R. Evid. 502(b), upon request of the Producing Party, the inadvertently produced or misdesignated documents, together with all copies thereof and any notes made therefrom, shall be returned immediately to the Producing Party or destroyed and, to the extent necessary, the Producing Party shall reproduce such documents with the correct designations. The inadvertent production by a party does not waive any claim of privilege or work product for any document as to which the party asserts a claim of privilege or work product.

16. Nothing in this Consent Confidentiality and Protective Order shall be deemed to restrict in any manner the use by any Party of any information that: (a) was in its own possession, custody, or control; (b) was, is, or becomes public knowledge, not in violation of this Consent Confidentiality and Protective Order; (c) was acquired by the party from a third-party who is not known to be in violation of any confidentiality obligations; or (d) was independently developed by the party without violation of this Consent Confidentiality and Protective Order.

17. If counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential Information or Highly Confidential Information that a party has obtained under the terms of this Consent

Confidentiality and Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two (2) days, or if more than ten (10) days, at least seven (7) days prior to the due date of compliance, notify the Designating Party in writing and shall not produce the Confidential Information or Highly Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

18. In the event that either party wishes to file Confidential Information or Highly Confidential Information with the Court, the party must follow the procedures set forth in Local Rule 79.2 for the filing of documents under seal and the filing of motions to seal documents.

19. This Consent Confidentiality and Protective Order shall not prevent any of the parties from moving the Court for an order that Confidential Information or Highly Confidential Information may be disclosed other than in accordance with this Consent Confidentiality and Protective Order. This Consent Confidentiality and Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Consent Confidentiality and Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground

that the information sought is confidential in nature.

20. The Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Consent Confidentiality and Protective Order, notwithstanding the termination of this action. The Parties stipulate that this Court shall retain personal jurisdiction over them and any person to whom Confidential Information or Highly Confidential Information is disclosed to the extent necessary to enforce the terms of this Consent Confidentiality and Protective Order.

21. Within thirty (30) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall destroy or return all copies of documents designated by the other party as "Confidential" or "Highly Confidential – Attorneys Eyes Only." Documents or materials that contain Confidential Information or Highly Confidential Information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party or be destroyed. Any Confidential Information or Highly Confidential Information retained by a non-Designating Party's counsel shall be kept and protected in accordance with the terms of this Consent Confidentiality and Protective Order. If requested, counsel for any party or third party receiving Confidential Information or Highly Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within thirty (30) days after the conclusion of this action, including the exhaustion of all appeals.

22. This Consent Confidentiality and Protective Order is not intended to govern the use of Confidential Information or Highly Confidential Information at any trial

of this action. Questions of the protection of Confidential Information or Highly Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

23. This Consent Confidentiality and Protective Order will be governed by, construed, and enforced in accordance with the laws of the State of North Carolina.

24. This Consent Confidentiality Order contains the entire agreement between the parties concerning the subject matter hereof, and no modifications of this Consent Confidentiality and Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing.

The foregoing is hereby approved by the Court as a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

Dated: October 21, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | |
|---|---|
| **BEN E. KEITH COMPANY,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **JEREMY K. THOMPSON, and CHENEY** ) <br> **BROS., INC.,** ) <br> ) <br>     **Defendants.** ) | **Case No. 5:24-cv-00188-D** |

## CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Consent Confidentiality and Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential and/or Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Consent Confidentiality and Protective Order. I agree to be bound by the terms of the Consent Confidentiality and Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Consent Confidentiality and Protective Order.

2. I shall not use or disclose to others, except in accordance with the Order, any Confidential Information or any Highly Confidential Information. I also shall return

all Confidential Information and Highly Confidential Information provided to me in this litigation to counsel for the party I represent within thirty (30) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Consent Confidentiality and Protective Order, I understand that I may be subject to sanctions under the contempt power of a Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

_____
Individual or Entity Represented

_____ County
Sworn to and subscribed before me by

_____
Dated: _____

_____
Notary Public

_____
Notary's Printed Name
My Commission Expires: _____