IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00188-D

**Ben E. Keith Company**,

    Plaintiff,

v.

**Jeremy K. Thompson**, et al.,

    Defendants.

**Order**

    Plaintiff Ben E. Keith Company alleges that Defendant Jeremy K. Thompson, its former salesperson, violated his non-solicitation and confidentiality agreements by soliciting its customers after joining Cheney Bros., Inc., one of its competitors. BEK moves to supplement discovery responses from CBI, arguing it missed the deadline to respond and thus waived its objections. CBI claims the delays were inadvertent and do not justify waiver.

    The court finds that CBI's pattern of missed deadlines, shifting excuses, and failure to timely object justifies waiving its objections. While CBI must produce the requested discovery, the parties are to meet and confer about the terms of an "attorney eyes only" designation that can be applied to sensitive documents. The court also orders CBI to pay the reasonable costs, including fees, BEK incurred in pursuing this motion.

**I.**    **Background**

    This case arises from allegations that Thompson, a former salesperson for BEK violated his non-solicitation and confidentiality agreements by soliciting BEK's customers after joining CBI, BEK's direct competitor. BEK alleges that its former employee improperly used its trade secrets to solicit former clients. Am. Compl. *passim,* D.E. 9. The Amended Complaint includes

claims of breach of contract, civil conspiracy, misappropriation of trade secrets, tortious interference with contract, and unfair and deceptive trade practices. *Id.* at 12–19.

Discovery in this case has been challenging. BEK served its First Set of Interrogatories and Requests for Production on CBI in mid-July 2024. Mem. in Supp. at 2, D.E. 27. Under the Federal Rules, CBI's responses were due within 30 days, but CBI requested, and BEK agreed to, a 30-day extension, resulting in a new deadline of September 18. *Id.* BEK reserved all rights, "including the right to argument that any objections . . . have been waived." *Id.*

Despite the extension, CBI did not serve its responses by that deadline. BEK followed up the day the responses were due and four days later but received no substantive response. *Id.* At the end of September, CBI's counsel informed BEK that responses would be provided by October 9 or 10, but they were not. *Id.* And on the latter day, CBI cited Hurricane Milton as a reason for the delay and committed to serving responses four days later. *Id.* at 3. CBI later claims that they were late "due to issues with responses for individual Thompson, trying to effect the terms of a Joint confidentiality Order, and keeping certain Thompson and CBI information walled from one another and under protection." *Id.* at 10. Regardless, that deadline also passed, and after additional follow-ups from BEK, CBI ultimately served its discovery responses just over 60 days after the original deadline. *Id.*

CBI's responses included objections to nearly all requests and did not provide substantive answers to Interrogatories 7 and 8 and Document Requests 4, 5, 6, 7, 9, 13, 14, and 15. *Id.* These requests focused on CBI's communications and sales to customers previously serviced by Thompson while at BEK.

About a month after receiving the responses, BEK sent a deficiency letter identifying these issues and proposing a meet-and-confer. *Id.* The letter also requested deposition dates for

2

Thompson and Jay Miller, Thompson's direct supervisor, enclosing notices for two dates in mid-December while offering to reschedule if necessary. *Id.* The parties conferred about a week before during which CBI agreed to supplement its discovery responses. *Id.* at 3–4. Based on this agreement, BEK canceled the depositions. *Id.* at 4.

The issues continued into the new year. By January 7, BEK had not received the supplemental discovery and followed up, re-noticing the depositions for late January. *Id.* After receiving no response for three days, BEK followed up again, stating that it would move to compel if the issues were not addressed. *Id.* In response, CBI's counsel cited scheduling conflicts and requested more time to provide deposition dates. *Id.* BEK canceled the depositions for a second time. *Id.*

In mid-January, CBI initiated a call and committed to supplement discovery by the last day of January. *Id.* at 4–5. But CBI also revealed that it had only just begun collecting the requested information. *Id.* at 5. Regarding the depositions, CBI's counsel suggested scheduling them for the first week of March but did not provide firm dates. *Id.*

BEK moved to compel,[1] seeking an order requiring CBI to supplement its discovery responses, confirm deposition dates for Thompson and Miller, and reimburse BEK's reasonable attorneys' fees. D.E. 26. Since the filing of that motion, the deposition-related issues have been resolved. Resp. in Opp. at 4, D.E. 30. The court now addresses the remaining issues.

## II. Discussion

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.

---

[1] BEK's motion violates Local Civil Rule 7.1(b)(1) that "[a]ll motions shall be concise and shall state precisely the relief requested." But since there are no other material local rules violations, the court will not deny the motion on that basis. Any future violations may lead to denial of a motion without an opportunity to be heard.

R. Civ. P. 26(b)(1). The Rules provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

### A. Waiver

The court first addresses the waiver issue. BEK points out that CBI failed to timely serve their objections. Mem. in Supp. at 7–8. And according to BEK, this amounts to a waiver of those objections. In response, CBI concedes that it did not timely serve the objections, but says that its delay was unintentional and the objections were not waived because BEK granted it an extension to respond. Resp. in Opp. at 9.

Federal Rule of Civil Procedure 33(b)(4) states: "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). And courts apply a similar rule to requests for production of documents. *Westdale Recap Props., Ltd.* v. *NP/I & G Wakefield Commons, L.L.C.*, No. 5:11-CV-659-D, 2013 WL 5424844, at *4 (E.D.N.C. Sept. 26, 2013) ("Unlike Rule 33, which pertains to interrogatories, Rule 34 does not expressly provide that failure to object timely constitutes a waiver of said objections…Courts have nevertheless generally held that to be the case absent extraordinary circumstances"). Courts assessing good cause consider

several factors, including the reason for the delay, whether it was inadvertent or part of a larger strategy of noncompliance, and the party's subsequent conduct in remedying the failure. *Drexel Heritage Furnishings, Inc.* v. *Furniture USA, Inc.*, 200 F.R.D. 255, 259 (M.D.N.C. 2001).

CBI has not shown good cause for its failure to object in a timely manner. CBI seeks to excuse that failure by citing ongoing discussions and alleged inadvertence. While true that an inadvertently missed deadline does not always result in waiver, *Westdale Recap Properties, Ltd.*, 2013 WL 5424844, at *4, the failure to object here was not inadvertent. Instead, the record reflects multiple missed deadlines, repeated assurances of forthcoming responses, periods of unexplained silence, contradictions about the cause of the delay, and continued delays despite BEK's efforts to resolve the issue without court intervention. Thus, CBI's delays were not an isolated oversight but a pattern of noncompliance. And its conduct weighs against a finding of good faith and instead suggests a pattern of obstruction or, at best, disinterest in compliance with discovery obligations. *Abrams* v. *Fowler*, No. 5:20-CT-3231-M, 2023 WL 4751262, at *6 (E.D.N.C. July 25, 2023) (discussing that a delay correcting the failure to object does not constitute good cause excusing waiver).

Moreover, excusing CBI's untimely objections would prejudice BEK by allowing CBI to withhold key discovery without justification, thereby undermining the integrity of the discovery process. As courts have recognized, permitting such delays without consequence would signal to other litigants that deadlines are optional rather than mandatory. *Drexel Heritage Furnishings, Inc.,* 200 F.R.D. at 259.

On top of that, CBI contends that BEK's granting CBI an extension should nullify any waiver. But CBI cites no authority in support of that position. And it concedes that when BEK

granted the extension, it explicitly reserved its right to argue that CBI waived its objections. Give that reservation, there is no merit to CBI's argument.

For all these reasons, the court finds no basis for excusing CBI's waiver under a good cause analysis. Therefore, CBI's objections are waived. *TJF Servs., Inc.* v. *Transp. Media, Inc.*, No. 5:17-CV-00626-RN, 2019 WL 7599942, at *3 (E.D.N.C. Jan. 22, 2019). CBI must, within 14 days from the entry of this order, supplement its discovery responses to Interrogatories Nos. 7, 8, 10 and Requests for Production Nos. 4, 5, 6, 7, 9, 13, 14, and 15 to produce any responsive documents withheld on the basis of an objection other than attorney-client privilege or the work-product doctrine.

CBI raised concern that responding to the BEK's discovery would require it to disclose confidential business information to a competitor. The courts notes that it has already entered a protective order allowing the parties to designate documents as confidential. D.E. 23.

If CBI believes that a more restrictive designation, such as an attorney's-eyes-only designation, is appropriate, it should meet and confer with opposing counsel about that issue. No later than 7 days after entry of this order, CBI may file a motion seeking to amend the protective order to include such a provision. If it files such a motion, it may withhold any documents that it believes in good faith would be subject to such a designation until the court resolves the motion.

B. **Attorney's Fees**

BEK also seeks an award of fees and costs under Rule 37(a)(5), arguing that CBI's persistent delay and failure to provide discovery responses until after this motion was filed warrant an award. Mem. in Supp. at 9. In response, CBI opposes sanctions, claiming that it engaged in good-faith discussions to resolve the discovery disputes and that BEK exploited failed communication between counsel to manufacture a basis for sanctions. Resp. in Opp. at 2.

Under the Federal Rules, since the court granted BEK's motion, it is entitled to recover the reasonable expenses, including attorney's fees, that it "incurred in making the motion[.]" Fed. R. Civ. P. 37(a)(5)(A). The only exceptions to this requirement are if the moving party "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" the non-moving party's actions were "substantially justified;" or "other circumstances make an award of expenses unjust." *Id.*

As discussed, CBI continually engaged in poor conduct leading to a contentious discovery dispute. The court finds no exceptions apply. So the court accordingly will award attorneys' fees against CBI.

If BEK wishes to recover those expenses, it must meet and confer with CBI's counsel no later than 7 days after entry of this order. If the parties cannot agree on that issue, BEK must move for an award of its expenses no later than 14 days after entry of this motion. Its motion should include all the information required by Fourth Circuit precedent for the court to assess the request.

### III. Conclusion

For these reasons, the court grants BEK's motion to compel. D.E. 26. CBI must supplement its discovery responses as discussed above. BEK must comply with the provisions outlined above if it wishes to recover the reasonable expenses, including attorney's fees, that it incurred in making the motion.

Dated: April 15, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge